In the United States District Court
Southern District of Texas
Corpus Christi Division

| | |
|---|---|
| Ara Babos, Individually and as the sole wrongful death beneficiary of The Estate of Adriana M Pop Moody, deceased,<br><br> *Plaintiff,*<br><br>and<br><br>Christine Ambler, *et al.*,<br><br> *Intervenors*<br><br>v.<br><br>DQ Logistics, *et al.*,<br><br> *Defendants.* | Civil Action No. 2:22-cv-213 |

## **NOTICE OF REMOVAL**

### I. Introduction

1. This case arises out of a multi-vehicle accident that occurred on August 10, 2022 near Junction, Texas.

2. Ara Babos filed suit against multiple parties in the County Court at Law Number 3 of Nueces County, Texas on August 30, 2022. He filed suit individually and claiming to be the sole wrongful-death beneficiary of Adriana M. Pop Moody.

3. On September 2, 2022, Christine Ambler, Peter Ambler, and Frank Hunold—individually and on behalf of the Estate of Rachel Ambler—intervened into the case.

4. As discussed more fully below, there is complete diversity of citizenship after disregarding the nominal and/or improperly joined parties. Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, Defendants J. Lopez Trucking, LLC and DQ Logistics exercise their right to remove this case to federal court under diversity jurisdiction.

## II. Citizenship of the Parties

**A.   Parties Considered for Determining Diversity Jurisdiction**

5. Plaintiff Ara Babos is a Texas citizen for purposes of diversity jurisdiction. Upon information and belief, he is domiciled in Texas.

6. Intervenors Christine Ambler, Peter Ambler, and Frank Hunold are Texas citizens for purposes of diversity jurisdiction. Upon information and belief, they are domiciled in Texas.

7. Defendant DQ Logistics is a California corporation with its principal place of business in California. It is, therefore, a California citizen for purposes of diversity jurisdiction.[1]

8. Defendant Reynaldo Quintanar is a California citizen for purposes of diversity jurisdiction because he is domiciled in California.

9. DQ Freight Logistics, Inc. is a California corporation with its principal place of business in California. It is, therefore, a California citizen for purposes of diversity jurisdiction.

---

[1] DQ Logistics is not a limited liability company, as Intervenor Hunold alleges.

10. Defendant J. Lopez Trucking, LLC a limited liability company. Its sole member is an individual domiciled in Arizona. Therefore, J. Lopez Trucking, LLC is an Arizona citizen for purposes of diversity jurisdiction.

11. Defendant Juan Leyva Hernandez is an Arizona citizen for purposes of diversity jurisdiction because he is domiciled in Arizona.

12. Defendant Jose Emmanuel Lopez Zavala is an Arizona citizen for purposes of diversity jurisdiction because he is domiciled in Arizona.

13. Defendant Go Up Logistics, LLC is a limited liability company. Upon information and belief, its members are individuals domiciled in New Mexico, thus making Go Up Logistics, LLC a New Mexico citizen for purposes of diversity jurisdiction.

14. Defendant GICA Logistics LLC is a limited liability company. Upon information and belief, its members are individuals domiciled in New Mexico, thus making GICA Logistics, LLC a New Mexico citizen for purposes of diversity jurisdiction.

15. Defendant Jorge Luis McGrew-Chavez is a Mexican citizen for purposes of diversity jurisdiction because he is domiciled in Mexico.

B.   **Nominal and/or Improperly Joined Parties**

16. The following are nominal and/or improperly joined defendants whose citizenship does not impact the diversity-jurisdiction analysis:

    a. West Central Towing & Recovery, LLC;

    b. Back On Your Feet Recovery LLC;

    c. Qualitas Insurance Company;

    d. Qualitas Insurance Services, Inc.;

    e. Transworld Insurance Brokerage, Inc.;

    f. United Financial Casualty Company a/k/a Progressive Insurance;

    g. Jose Emmanuel Lopez Zavala; and

    h. Sandra Sterba-Boatwright as Executrix of the Estate of Adriana Pop-Moody.

### III. Basis for Removal

**A.**   **Amount in Controversy**

17. Frank Hunold, individually and on behalf of The Estate of Rachel Ambler, has expressly pleaded for over $1 million in damages. *See* Hunold's 1st Am. App. for T.R.O. and Orig. Pet. ¶ 3.3. While Plaintiff and the other Intervenors have not expressly pleaded an amount in controversy, as required by Tex. R. Civ. P. 21a, it is readily apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. This case arises out of a multi-fatality event, with Plaintiff and Intervenors having filed suit individually and as the claimed wrongful-death beneficiaries of the decedents.

**B.**   **Diversity of Citizenship**

18. As detailed above there is complete diversity of citizenship between the parties, after disregarding the nominal defendants and improperly joined defendants.

19. The following are entities that Plaintiff and Intervenors have named simply for purposes of preservation of evidence: West Central Towing & Recovery, LLC, Back On Your Feet Recovery LLC, Qualitas Insurance Company, Qualitas Insurance Services, Inc., Transworld Insurance Brokerage, Inc., and United

Financial Casualty Company a/k/a Progressive Insurance. As such, these are nominal defendants who are disregarded for purposes of determining diversity jurisdiction. *See* Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 465–66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980).

20. Alternatively, the parties listed in the preceding paragraph are improperly joined defendants. A plaintiff cannot destroy diversity jurisdiction by improperly joining a non-diverse defendant. *See, e.g., Cuevas v. BAC Home Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). A finding of fraudulent or improper joinder is appropriate when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood,* 385 F.3d at 573. This requires "a *reasonable p*ossibility of recovery, not merely a *theoretical* one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quotation omitted) (emphasis in original); *accord Kling Realty Co. v. Chevron U.S., Inc.*, 575 F.3d 510, 513 (5th Cir. 2009). Here, the well-pleaded factual allegations in the pleadings do not show that Plaintiff or Intervenors can establish any claim against these entities. Alternatively, Plaintiff and Intervenors has misstated or omitted discrete facts that would determine the propriety of joinder, so the Court should pierce the pleadings and conduct a summary inquiry.

21. Sandra Sterba-Boatwright as Executrix of the Estate of Adriana Pop-Moody is also an improperly joined defendant. The well-pleaded factual allegations

in Intervenor Frank Hunold's Original Petition do not show that he can establish any claim against Sandra Sterba-Boatwright as Executrix of the Estate of Adriana Pop-Moody. There are no facts pleaded to show that any conduct of Dr. Pop-Moody proximately caused Ms. Ambler's injury and/or Mr. Hunold's claimed damages. Moreover, Mr. Hunold's status as an intervenor further negates the viability of such a claim. Having intervened in the case brought on behalf of Dr. Pop-Moody's Estate, Mr Hunold cannot then turn around and seek to blame Dr. Pop-Moody for the incident. *See, e.g., In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (discussing the justiciable-interest requirements for intervention).

### IV. Venue and Timing

22. Removal to this District and Division is proper under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this District and Division.

23. This removal is timely because it is filed within one year of the commencement of the action and before the removing defendants have been served. In fact, upon and belief, none of the defendants/respondents have been served.

### V. Attachments and Notice to State Court

24. All documents required under the removal statute and the Court's local rules are attached. The removing defendants will promptly file a copy of this Notice of Removal and its attachments with the clerk of the state court.

Respectfully submitted,

By: /s/ Tarush R. Anand
    Tarush R. Anand
    Texas Bar No. 24055103
    S.D. Tex. No. 712010
    tanand@mcglinchey.com
    McGlinchey Stafford, PLLC
    1001 McKinney, Suite 1500
    Houston, Texas 77002
    Phone: (713) 520-1900
    Fax: (713) 520-1025

**Attorney in Charge for Defendant**
**J. Lopez Trucking, LLC**

Of Counsel:

Taylor M. Watts
Texas Bar No. 24108369
S.D. Tex. No. 3756389
twatts@mcglinchey.com

AND

/s/ Joanna Lippman Salinas
Joanna Lippman Salinas
Texas Bar No. 00791122
S.D. Tex. No. 29464
FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78764
Phone: (512) 476-5300
Fax: (512) 476-5771
joanna.salinas@fletcherfarley.com

**Attorney in Charge for Defendant**
**DQ Logistics**

## **Certificate of Service**

I certify that a true and correct copy of this document, together with any exhibits or attachments, is being served on all parties on September 12, 2022 in accordance with the Federal Rules of Civil Procedure.

/s/ Tarush R. Anand
Tarush R. Anand
