Filed
9/8/2022 2:32 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. 2022CCV-61057-3

| | | |
|---|---|---|
| ARA BABOS INDIVIDUALLY and as the SOLE WRONGFUL DEATH BENEFICIARY OF THE ESTATE OF ADRIANA M POP MOODY, Deceased, | § § § § § | IN THE COUNTY COURT |
| Intervenor-Plaintiff, | § § | |
| CHRISTINE AMBLER, PETER AMBLER, and FRANK HUNOLD, Individually and on behalf of THE ESTATE OF RACHEL AMBLER, | § § § § § § | |
| Intervenor-Plaintiffs, | § § | |
| vs. | § § § | AT LAW NO. 3 |
| WEST CENTRAL TOWING & RECOVERY, LLC, BACK ON YOUR FEET RECOVERY, LLC, QUALITAS INSURANCE COMPANY, QUALITAS INSURANCE SERVICES, INC., DQ LOGISTICS, DQ FREIGHT LOGISTICS, INC., TRANSWORLD INSURANCE BROKERAGE, INC., J. LOPEZ TRUCKING, LLC, GO UP LOGISTICS, UNITED FINANCIAL CASUALTY COMPANY, a/k/a PROGRESSIVE INSURANCE and GICA LOGISTICS LLC, | § § § § § § § § § § § § § § § § § | |
| Respondents, | § § | NUECES COUNTY, TEXAS |
| vs. | § § | |
| J. LOPEZ TRUCKING, LLC, JOSE EMMANUEL LOPEZ ZAVALA, JUAN LEYVA HERNANDEZ, DQ LOGISTICS, REYNALDO QUINTANAR, GO UP LOGISTICS LLC, JORGE LUIS MCGREW-CHAVEZ, JOHN DOES 1-2, and SANDRA STERBA-BOATWRIGHT AS EXECUTRIX OF THE ESTATE OF ADRIANA POP-MOODY, | § § § § § § § § § § § § § | |

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

Defendants.

## INTERVENOR-PLAINTIFF FRANK HUNOLD'S FIRST AMENDED APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH ACCOMPANYING ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank Hunold, Individually and on behalf of The Estate of Rachel Ambler, Intervenor-Plaintiff herein, complaining of Respondents West Central Towing & Recovery, LLC, Back On Your Feet Recovery LLC, Qualitas Insurance Company, Qualitas Insurance Services, Inc., DQ Logistics, DQ Freight Logistics, Inc., Transworld Insurance Brokerage, Inc. J. Lopez Trucking LLC, Go Up Logistics, United Financial Casualty Company a/k/a Progressive Insurance and GICA Logistics LLC ("Respondents") as TRO Respondents and Defendants J. Lopez Trucking, LLC, Jose Emmanuel Lopez Zavala, Juan Leyva Hernandez, DQ Logistics, Reynaldo Quintanar, Go Up Logistics, Jorge Luis McGrew-Chavez, John Does 1-2 and Sandra Sterba-Boatwright as Executrix of the Estate of Adriana Pop-Moody as Defendants to Intervenor-Plaintiff's Original Petition and Jury Demand. In support thereof, Intervenor-Plaintiff would respectfully show this Court as follows:

On September 2, 2022, Intervenor-Plaintiff Frank Hunold filed his Original Application for TRO in this Court. Intervenor-Plaintiff incorporates by reference to such original filings all argument and evidence put forth therein.

Additionally, Intervenor-Plaintiff hereby files his Original Petition and Jury Demand against Defendants in this matter, stating as follows:

### I. DISCOVERY

1. 1    Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Intervenor-Plaintiff intends to conduct discovery in this case under Level 3 of the Texas Rules of Civil Procedure.

## II. PARTIES

2.1     Intervenor-Plaintiff is a resident of Texas.

2.2     Defendant J. Lopez Trucking, LLC is a foreign limited liability corporation incorporated in the State of Arizona. Defendant J. Lopez Trucking, LLC can be served with process via its registered agent, Jose E. Lopez, 2082 Torres St., San Luis, Arizona, 85349 or wherever it may be found.

2.3     Defendant Jose Emmanuel Lopez Zavala is an individual resident of San Luis, Arizona. Defendant Jose Zavala may be served with process at his last known address, 2888 W. County 18th Street, San Luis, Arizona, 85349.

2.4     Defendant Juan Leyva Hernandez is an individual resident of Arizona. Defendant Leyva Hernandez may be served with process at this last known address PO Box 7410 PMB 686, San Luis, Arizona, 85349. Defendant Leyva-Hernandez may also be served at his place of employment, J. Lopez Trucking, LLC, as above, or wherever he may be found.

2.5     Defendant DQ Logistics is a domestic limited liability corporation whose mailing address is 3874 Scott Street, Odessa, Texas, 79762. Defendant DQ Logistics may be served with process via its registered agent, Mario A. Duran, 3874 Scott Street, Odessa, Texas, 79762.

2.6     Defendant Reynaldo Quintanar is an individual resident of California. Defendant Quintanar may be served with process at his last known address PO Box 3031, El Centro, California, 92244. He might also be found via his employer, DQ Logistics, 11702 Hummingbird Place, Moreno Valley, California, 92557.

2.7     Defendant Go Up Logistics, LLC is a foreign limited liability company incorporated in the state of New Mexico. Defendant Go Up's mailing address is 2355 Columbus Road, Deming, New Mexico, 88030. Defendant Go Up may be served with process via its registered agent in the

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

State of New Mexico, Becky Evaro, 2548 Sentenario Street, Anthony, New Mexico, 88021.

2.8     Defendant Jorge Luis McGrew-Chavez is an individual resident of Mexico. Defendant Jorge Luis McGrew-Chavez may be served with process at his last known address 1513 Leona Vicario, Nuevo Casas Grandes, Mexico, 31770. He might also be found and served via his employer, Go Up Logistics, 2355 N. Columbus Road, Deming, New Mexico, 88030 or wherever he may be found. Additionally, as a foreign national, Defendant McGrew-Chavez may be served in all other manners provided by the Rules.

2.9     Defendants John Does 1-2 are currently unknown but it is anticipated that when they are found they will be served.

2.10     Defendant Sandra Sterba-Boatwright as Executrix of the Estate of Adriana Pop-Moody is an individual resident of Nueces County, Texas. Defendant Sterba-Boatwright may be served with process via her counsel of record.

### III. Venue & Jurisdiction

3.1     Intervenor-Plaintiff has suffered damages in excess of the minimum jurisdictional limit of this Court.

3.2     Venue is proper in Nueces County, Texas pursuant to Tex. Civ. Prac. & Rem Code § 15.002(a)(2) because it was the county of decedent Adriana Pop-Moody's residence at the time of her death and is the county in which Defendant Sandra Sterba-Boatwright resides. Therefore, pursuant to Texas law, venue in Nueces County is proper as to all Defendants.

3.3     Intervenor-Plaintiff believes that the determination of damages in this case should rest squarely within the province of the jury, however, changes in the law now require Intervenor-Plaintiff to enumerate a range with his initial pleading. Such a range is provided without the benefit of any discovery in this case and without a full understanding of all the facts a jury will likely review when

considering the ultimate resolution.    As required by the law, Intervenor-Plaintiff would state that pursuant to TEX. R. CIV. P. 47(c), Intervenor-Plaintiff seeks monetary relief of more than $1,000,000.00.

## IV. FACTS

4.1      On or about August 10, 2022, Defendant Jorge Luis McGrew-Chavez was driving a tractor-trailer owned and/or operated by Defendant Go-Up Logistics westbound on IH-10 near MM 454 in Junction, Texas.

4.2.      Defendant Jorge McGrew-Chavez stopped in the roadway, blocking the roadway. At the time, the speed limit on such roadway was 80 MPH.

4.3      Decedent   Adriana Pop-Moody stopped behind the Go-Up Logistics vehicle.

4.4      According to the police investigation and an unknown witness, an unknown tractor-trailer, driven by John Doe 1 and owned and/or operated by John Doe 2, was traveling westbound on IH-10 near MM 454 in Junction, Texas and approached such scene. At this time, it is uncertain whether such John Doe vehicle was in fact present.

4.5      If this John Doe vehicle was in fact present, as it approached such scene, John Doe 1's vehicle was likely traveling slowly or stopped in the middle of the road..

4.6      If it was present, Decedent Rachel Ambler approached this unknown tractor-trailer and came to a stop behind it.

4.7      According to the police investigation, if it was present, for reasons unknown, John Doe 1's tractor trailer then departed the scene.

4.8      Subsequent, a tractor-trailer combination owned and/or operated by Defendant J. Lopez approached Rachel Ambler's vehicle. The J. Lopez tractor was being driven by Juan Leyva-Hernandez and the trailer was owned by Defendant Jose Emmanuel Lopez Zavala.

4.9     Defendant J. Lopez's vehicle struck Rachel Ambler's vehicle from behind.

4.10    Decedent Rachel Ambler was heard to be calling for help after this collision.

4.11    Subsequently, a passenger vehicle, driven by non-party Ms. Barbara Ann Petta, then struck the J. Lopez tractor-trailer. This collision caused no injuries and Barbara Ann Petta was able to move her vehicle from the lane of travel to the side of the road.

4.12    Subsequently, another tractor-trailer, driven by Defendant Reynaldo Quintanar and owned by Defendant DQ Logistics,   approached the scene at a high rate of speed. Defendant Quintanar, driving the DQ Logistics tractor-trailer, attempted to avoid the stopped J. Lopez tractor-trailer. During such evasive action, the DQ Logistics tractor-trailer struck the vehicle of decedent Rachel Ambler.

4.13    Subsequently, the DQ Logistics tractor-trailer   continued and side-swiped another vehicle, being driven by non-party Ms. Annie Lui. Ms. Lui's vehicle went into the median.

4.14    Subsequently, the DQ Logistics tractor trailer then continued forward and struck the stopped vehicle being driven by decedent Adriana Pop-Moody.

4.15    At an unknown point in time during the above chain of events, weather conditions arose which resulted in substantially reduced visibility on the highway .

4.16    At an unknown point in time, the J. Lopez tractor and the Ambler vehicle caught fire, destroying both vehicles.

4.17    As a proximate result of the above chain of events, decedent Rachel Ambler was killed Additionally, Adrianna Pop-Moody was killed .

4.18    At the time of her death, Intervenor-Plaintiff Frank Holguin was decedent Rachel Ambler's husband.

## V. REQUIRED DISCLOSURES

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

5.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, at or within thirty (30) days of the filing of Defendants' original answer to this petition, the information or material described in Rule 194.2, 194.3, and 194.4. Intervenor-Plaintiff will provide his required disclosures at or within the same thirty-day period.

## VI. Causes Of Action Against Go Up Logistics, LLC

**Wrongful Death**

6.1     Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

**Respondeat Superior**

6.2     Defendant Go Up Logistics, LLC, is vicariously liable for the damages proximately caused to Intervenor-Plaintiff by virtue of the negligent conduct of its partners, employees, servants, principals, vice-principals, and/or agents acting in the course and scope of their employment of authority of their agency with Defendant Go Up Logistics, LLC. Therefore, Defendant Go Up Logistics, LLC, is vicariously liable to Intervenor-Plaintiff for the negligent acts and/or omissions of its employees/agents, on the basis of *Respondeat Superior*.

**Negligence**

6.3     Defendant Go Up Logistics, LLC's negligence was the sole proximate cause and/or a proximate cause of the incident made the basis of this suit. Defendant owed a duty to exercise ordinary care and act as a reasonably prudent trucking company and motor carrier. Defendant breached these duties and was negligent. Defendant's negligence includes but is not limited to the following:

a)      In hiring Defendant Jorge McGrew-Chavez;

b)      In failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant Jorge McGrew-Chavez;

c)      In retaining Defendant Jorge McGrew-Chavez when it knew or reasonably should have known that he was incompetent and/or dangerous;

d)      In failing to adequately train and instruct Defendant Jorge McGrew-Chavez as a driver of a commercial motor vehicle;

e)      In failing to adequately supervise Defendant Jorge McGrew-Chavez in the discharge of his duties as an operator of a commercial motor vehicle, including but not limited to, failure to enforce disciplinary policies and procedures;

f)      In failing to implement and/or enforce adequate policies and procedures for the safe operation of commercial motor vehicles;

g)      In negligently controlling Defendant Jorge McGrew-Chavez's operation of the tractor-trailer; and

h)      In failing to exercise control over Defendant Jorge McGrew-Chavez as a reasonable and prudent employer and trucking company would have done under the same or similar circumstances.

i)      Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant Go Up Logistics, LLC may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Intervenor-Plaintiff.

**Negligent Entrustment**

6.4     Defendant Go Up is further liable to Intervenor-Plaintiff for entrusting a vehicle to Defendant Jorge McGrew-Chavez for the purpose of operating it on the public streets and highways of Texas. Defendant Jorge McGrew-Chavez operated it with the knowledge, consent, and permission of Defendant Go Up. At such time, Defendant Jorge McGrew-Chavez was incompetent

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

and unfit to safely operate a motor vehicle on the public streets and highways. Defendant Go Up knew, or in the exercise of due care, should have known, that Defendant Jorge McGrew-Chavez was a reckless, incompetent and unsafe driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

**Negligent Selection, Retention, and/or Supervision**

6.5     Defendant Go Up is subject to liability for harm to persons, such as Intervenor-Plaintiff, for its failure to exercise reasonable care to employ competent and careful employees and/or agents. Defendant Go Up breached its duty to select, retain, and/or supervise such employees and/or agents and were negligent in its selection of employees and/or agents to work for Defendant Go Up. Defendant Go Up's negligence was the sole proximate cause and/or a proximate cause of Intervenor-Plaintiff's injuries and harm. Defendant Go Up's negligence includes, but is not limited to:

a)     Failing to select employees and/or agents who could skillfully and carefully perform work, including driving large tractor-trailers;

b)     Failing to select employees and/or agents who could properly perform any duty, which an employer owes to third persons;

c)     Failing to ensure that employees and/or agents were properly trained;

d)     In hiring Defendant Jorge McGrew-Chavez as a driver and allowing him to drive under its authority when it knew, or reasonably should have known, that he was incompetent and/or dangerous and/or retaining other employees when it knew they were incompetent and/or dangerous;

e)     In failing to adequately supervise Defendant Jorge McGrew-Chavez in the discharge of his duties as an operator of a commercial motor vehicle including, but not limited to, failure to adequately supervise other of their employees;

f)     In failing to implement and/or enforce adequate policies and procedures for the safe training and/or supervision of their employees and/or the safe operation of commercial motor vehicles;

g)     In failing to implement and/or enforce adequate policies and procedures for the safe

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

maintenance of commercial motor vehicles/trailers; and

h)      Failing to supervise such employees and/or agents.

i)      Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant Go Up Logistics, LLC may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

6.6      Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Intervenor-Plaintiff.

6.7      Defendant Go Up became aware, or should have become aware, of problems and/or conduct that indicated unfitness of such employees and/or agents. Defendant Go Up failed to take further action to investigate, discharge, and/or reassign such employees and/or agents and Intervenor-Plaintiff's damages were caused by Defendant Go Up's negligent hiring, retention, and/or supervision of such employees and/or agents.

6.8      Defendant Go Up had a duty to select employees/agents that performed work with due diligence, in a good manner, using competent and experienced employees/agents in accordance with recognized industry practices, and that would comply with all applicable rules and regulations and standards concerning safety, security, and well-being of persons and property. Defendant Go Up breached this duty in selecting employees/agents that were unfit.

6.9      Defendant Go Up retained employees/agents who were incompetent and failed to conduct work in accordance with industry practices and that would comply with all applicable rules and regulations and standards of Defendant Go Up concerning safety, security, and well-being of persons and/or property.

6.10     Defendant Go Up knew, or should have known, that the employees/agents were incompetent and failed to work in accordance with industry practices, and that they would not

comply with all applicable rules and regulations and standards of Defendant Go Up concerning safety, security, and well-being of persons and/or property. Additionally, Defendant Go Up failed to supervise the conduct and/or work being performed by employees/agents who were incompetent and failed to conduct work in accordance with recognized industry practice.

**Negligence Per Se**

      6.11    Defendant Go Up has violated Section 390.3 of the Federal Motor Carrier Safety Regulations ("FMCSR") in relation to its lack of knowledge of and compliance with the FMCSR. This section requires to know and comply with the FMCSR and to instruct its drivers regarding the FMCSR. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant Go Up's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant Go Up's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

      6.12    Defendant Go Up has violated Section 390.11 of the FMCSR in relation to its failure to require the observance of and obedience to the FMCSR by its drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant Go Up's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant Go Up's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

      6.13    Defendant Go Up has violated Section 391.11, et seq. of the FMCSR in relation to the qualifications of its drivers. This section imposes certain duties, prohibits certain actions and/or

creates a standard of conduct. Defendant Go Up's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant Go Up's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

**Statutory Employer**

6.14    Defendant Go Up is vicariously liable as a matter of law under the FMCSR for the negligence of their statutory employee drivers, including Defendant Jorge McGrew-Chavez.

6.15    Defendant Go Up as a holder of operating authority, were required to assume complete responsibility and are subject to vicarious liability as a matter of law for Defendant Jorge McGrew-Chavez's negligence.

6.16    Defendant Go Up as statutory employer of Defendant Jorge McGrew-Chavez is vicariously liable for Defendant   Jorge McGrew-Chavez's negligence.

**Joint Venture/Enterprise**

6.17    Upon information and belief, at all times material hereto, Defendant Go Up was legally responsible for the negligent conduct of Defendant Jorge McGrew-Chavez under the legal doctrines of respondeat superior, joint venture/enterprise, agency, and/or apparent agency because he was acting within the course and scope of such agency, employment, venture, and/or enterprise.

6.18    Upon information and belief, as a direct, proximate, and foreseeable result of Defendant Go Up's actions and/or omissions, Intervenor-Plaintiff sustained significant damages, including, but not limited to, past and future medical expenses, past and future pain and suffering, mental anguish, lost income, lost earning capacity, permanent injury, permanent disability, interests, and costs.

**Gross Negligence**

      6.19    When viewed objectively form the standpoint of the Defendant at the time of the occurrence, Defendant Go-Up's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, the Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes   gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

      6.20    Furthermore, Go Up is liable for punitive damages because:

          a)    Defendant Go Up, authorized the doing and manner of a grossly negligent act,

          b)    Defendant Go Up, was reckless in employing unfit agents/employees,

          c)    An agent(s)/employee(s) of Defendant Go Up, was grossly negligent and was employed in a managerial capacity and was acting in the scope of their employment,

          d)    Defendant Go Up, or a manager of Defendant Go Up, ratified or approved a grossly negligent act.

      6.21    Whenever it is alleged that the Defendant acted or failed to act, it is alleged it did so by and through its officers, agents, employees, principals, and vice-principals acting within the course and scope of their employment, agency, or other relationship.

      6.22    The grossly negligent acts and/or omissions of the Defendant Go Up, was a proximate and/or producing cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

### VII. CAUSES OF ACTION AGAINST DEFENDANT JORGE MCGREW-CHAVEZ

**Wrongful Death**

7.1     Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

**<u>Negligence</u>**

7.2     Defendant Jorge McGrew-Chavez's negligence was the sole proximate cause and/or a proximate cause of the collision described above. Defendant owed a duty to exercise ordinary care and operate his commercial vehicle in a reasonable and prudent manner. Defendant breached that duty and was negligent. Defendant's negligence includes but is not limited to the following:

a)      Failure to obey traffic laws;

b)      Driving a vehicle in violation of existing statutes, ordinances, and the FMCSR;

c)      Failure to maintain proper control of the vehicle, including but not limited to bringing his vehicle to a stop and/or reducing speed when it was unsafe to do so;

d)      Failure to keep a proper lookout;

e)      Failure to operate the vehicle in a safe and prudent manner;

f)      Driver inattention; and

g)      In operating a vehicle in a careless manner.

h)      Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant Go Up Logistics, LLC may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

**Gross Negligence**

7.3    When viewed objectively from the standpoint of Jorge McGrew-Chavez at the time of the occurrence, Defendant's conduct described above involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to Section 41.001(11) of the Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

7.4    The grossly negligent acts and/or omissions of Defendant were the sole proximate cause and/or a proximate cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

## VIII. Causes Of Action Against J. Lopez trucking, LLC

**Wrongful Death**

8.1    Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

**Respondeat Superior**

8.2    Defendant J. Lopez Trucking, LLC, is vicariously liable for the damages proximately caused to Intervenor-Plaintiff by virtue of the negligent conduct of its partners, employees, servants, principals, vice-principals, and/or agents acting in the course and scope of their employment of authority of their agency with Defendant J. Lopez. Therefore, Defendant J.

Lopez is vicariously liable to Intervenor-Plaintiff for the negligent acts and/or omissions of its employees/agents, on the basis of *Respondeat Superior*.

**<u>Negligence</u>**

8.3     Defendant J. Lopez's negligence was the sole proximate cause and/or a proximate cause of the incident made the basis of this suit. Defendant owed a duty to exercise ordinary care and act as a reasonably prudent trucking company and motor carrier. Defendant breached these duties and was negligent. Defendant's negligence includes but is not limited to the following:

a)     In hiring Defendant Juan Leyva Hernandez;

b)     In failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant Juan Leyva Hernandez;

c)     In retaining Defendant Juan Leyva Hernandez when it knew or reasonably should have known that he was incompetent and/or dangerous;

d)     In failing to adequately train and instruct Defendant Juan Leyva Hernandez as a driver of a commercial motor vehicle;

e)     In failing to adequately supervise Defendant Juan Leyva Hernandez in the discharge of his duties as an operator of a commercial motor vehicle, including but not limited to, failure to enforce disciplinary policies and procedures;

f)     In failing to implement and/or enforce adequate policies and procedures for the safe operation of commercial motor vehicles;

g)     In negligently controlling Defendant Juan Leyva Hernandez's operation of the tractor-trailer; and

h)     In failing to exercise control over Defendant Juan Leyva Hernandez as a reasonable and prudent employer and trucking company would have done under the same or similar circumstances.

i)     Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant J. Lopez may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Intervenor-

Plaintiff.

**Negligent Entrustment**

8.4      Defendant J. Lopez is further liable to Intervenor-Plaintiff for entrusting a vehicle to Defendant Juan Leyva Hernandez for the purpose of operating it on the public streets and highways of Texas. Defendant Juan Leyva Hernandez operated it with the knowledge, consent, and permission of Defendant J. Lopez. At such time, Defendant Juan Leyva Hernandez was incompetent and unfit to safely operate a motor vehicle on the public streets and highways. Defendant J. Lopez knew, or in the exercise of due care, should have known, that Defendant Juan Leyva Hernandez was a reckless, incompetent and unsafe driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

**Negligent Selection, Retention, and/or Supervision**

8.5      Defendant J. Lopez is subject to liability for harm to persons, such as Intervenor-Plaintiff, for its failure to exercise reasonable care to employ competent and careful employees and/or agents. Defendant J. Lopez breached its duty to select, retain, and/or supervise such employees and/or agents and were negligent in its selection of employees and/or agents to work for Defendant J. Lopez. Defendant J. Lopez's negligence was the sole proximate cause and/or a proximate cause of Intervenor-Plaintiff's injuries and harm. Defendant J. Lopez's negligence includes, but is not limited to:

a)      Failing to select employees and/or agents who could skillfully and carefully perform work, including driving large tractor-trailers;

b)      Failing to select employees and/or agents who could properly perform any duty, which an employer owes to third persons;

c)      Failing to ensure that employees and/or agents were properly trained;

d)      In hiring Defendant Juan Leyva Hernandez as a driver and allowing him to drive under its authority when it knew, or reasonably should have known, that he was

incompetent and/or dangerous and/or retaining other employees when it knew they were incompetent and/or dangerous;

e)  In failing to adequately supervise Defendant Juan Leyva Hernandez in the discharge of his duties as an operator of a commercial motor vehicle including, but not limited to, failure to adequately supervise other of their employees;

f)  In failing to implement and/or enforce adequate policies and procedures for the safe training and/or supervision of their employees and/or the safe operation of commercial motor vehicles;

g)  In failing to implement and/or enforce adequate policies and procedures for the safe maintenance of commercial motor vehicles/trailers; and

h)  Failing to supervise such employees and/or agents.

i)  Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant J. Lopez Logistics, LLC may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

8.6    Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Intervenor-Plaintiff.

8.7    Defendant J. Lopez became aware, or should have become aware, of problems and/or conduct that indicated unfitness of such employees and/or agents. Defendant J. Lopez failed to take further action to investigate, discharge, and/or reassign such employees and/or agents and Intervenor-Plaintiff's damages were caused by Defendant J. Lopez's negligent hiring, retention, and/or supervision of such employees and/or agents.

8.8    Defendant J. Lopez had a duty to select employees/agents that performed work with due diligence, in a good manner, using competent and experienced employees/agents in accordance with recognized industry practices, and that would comply with all applicable rules and regulations and standards concerning safety, security, and well-being of persons and property. Defendant J. Lopez breached this duty in selecting employees/agents that were unfit.

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

8.9     Defendant J. Lopez retained employees/agents who were incompetent and failed to conduct work in accordance with industry practices and that would comply with all applicable rules and regulations and standards of Defendant J. Lopez concerning safety, security, and well-being of persons and/or property.

8.10     Defendant J. Lopez knew, or should have known, that the employees/agents were incompetent and failed to work in accordance with industry practices, and that they would not comply with all applicable rules and regulations and standards of Defendant J. Lopez concerning safety, security, and well-being of persons and/or property. Additionally, Defendant J. Lopez failed to supervise the conduct and/or work being performed by employees/agents who were incompetent and failed to conduct work in accordance with recognized industry practice.

**Negligence Per Se**

8.11     Defendant J. Lopez has violated Section 390.3 of the Federal Motor Carrier Safety Regulations ("FMCSR") in relation to its lack of knowledge of and compliance with the FMCSR. This section requires to know and comply with the FMCSR and to instruct its drivers regarding the FMCSR. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant J. Lopez's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant J. Lopez's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

8.12     Defendant J. Lopez has violated Section 390.11 of the FMCSR in relation to its failure to require the observance of and obedience to the FMCSR by its drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant J.

---

Lopez's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant J. Lopez's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

      8.13    Defendant J. Lopez has violated Section 391.11, et seq. of the FMCSR in relation to the qualifications of its drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant J. Lopez's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant J. Lopez's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

**<u>Statutory Employer</u>**

      8.14    Defendant J. Lopez is vicariously liable as a matter of law under the FMCSR for the negligence of their statutory employee drivers, including Defendant Juan Leyva Hernandez.

      8.15    Defendant J. Lopez as a holder of operating authority, were required to assume complete responsibility and are subject to vicarious liability as a matter of law for Defendant Juan Leyva Hernandez's negligence.

      8.16    Defendant J. Lopez as statutory employer of Defendant Juan Leyva Hernandez is vicariously liable for Defendant   Juan Leyva Hernandez's negligence.

**<u>Joint Venture/Enterprise</u>**

      8.17    Upon information and belief, at all times material hereto, Defendant J. Lopez was legally responsible for the negligent conduct of Defendant Juan Leyva Hernandez under the legal

doctrines of respondeat superior, joint venture/enterprise, agency, and/or apparent agency because he was acting within the course and scope of such agency, employment, venture, and/or enterprise.

8.18    Upon information and belief, as a direct, proximate, and foreseeable result of Defendant J. Lopez's actions and/or omissions, Intervenor-Plaintiff sustained significant damages, including, but not limited to, past and future medical expenses, past and future pain and suffering, mental anguish, lost income, lost earning capacity, permanent injury, permanent disability, interests, and costs.

**Gross Negligence**

8.19    When viewed objectively form the standpoint of the Defendant at the time of the occurrence, Defendant Go-Up's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, the Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes   gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

8.20    Furthermore, J. Lopez is liable for punitive damages because:

a)    Defendant J. Lopez, authorized the doing and manner of a grossly negligent act,

b)    Defendant J. Lopez, was reckless in employing unfit agents/employees,

c)    An agent(s)/employee(s) of Defendant J. Lopez, was grossly negligent and was employed in a managerial capacity and was acting in the scope of their employment,

d)    Defendant J. Lopez, or a manager of Defendant J. Lopez, ratified or approved a grossly negligent act.

8.21    Whenever it is alleged that the Defendant acted or failed to act, it is alleged it did so

by and through its officers, agents, employees, principals, and vice-principals acting within the course and scope of their employment, agency, or other relationship.

8.22    The grossly negligent acts and/or omissions of the Defendant J. Lopez, was a proximate and/or producing cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

### IX. CAUSES OF ACTION AGAINST DEFENDANT JUAN LEYVA HERNANDEZ

**Wrongful Death**

9.1    Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

**Negligence**

9.2    Defendant Juan Leyva Hernandez's negligence was the sole proximate cause and/or a proximate cause of the collision described above. Defendant owed a duty to exercise ordinary care and operate his commercial vehicle in a reasonable and prudent manner. Defendant breached that duty and was negligent. Defendant's negligence includes but is not limited to the following:

a)    Failure to obey traffic laws;

b)    Driving a vehicle in violation of existing statutes, ordinances, and the FMCSR;

c)    Failure to maintain proper control of the vehicle, including but not limited to failing to properly control the speed of his vehicle;

d)    Failure to keep a proper lookout;

e)    Failure to operate the vehicle in a safe and prudent manner;

f)      Driver inattention; and

g)      In operating a vehicle in a careless manner.

h)      Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant Juan Leyva Hernandez may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

**Gross Negligence**

9.3      When viewed objectively from the standpoint of Juan Leyva Hernandez at the time of the occurrence, Defendant's conduct described above involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to Section 41.001(11) of the Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

9.4      The grossly negligent acts and/or omissions of Defendant were the sole proximate cause and/or a proximate cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

## X. CAUSES OF ACTION AGAINST DQ LOGISTICS

***Wrongful Death***

10.1   Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas

---

Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

### ***Respondeat Superior***

10.2     Defendant DQ Logistics is vicariously liable for the damages proximately caused to Intervenor-Plaintiff by virtue of the negligent conduct of its partners, employees, servants, principals, vice-principals, and/or agents acting in the course and scope of their employment of authority of their agency with Defendant DQ Logistics. Therefore, Defendant DQ Logistics is vicariously liable to Intervenor-Plaintiff for the negligent acts and/or omissions of its employees/agents, on the basis of *Respondeat Superior*.

### Negligence

10.3     Defendant DQ Logistics's negligence was the sole proximate cause and/or a proximate cause of the incident made the basis of this suit. Defendant owed a duty to exercise ordinary care and act as a reasonably prudent trucking company and motor carrier. Defendant breached these duties and was negligent. Defendant's negligence includes but is not limited to the following:

j)      In hiring Defendant Reynaldo Quintanar;

k)      In failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant Reynaldo Quintanar;

l)      In retaining Defendant Reynaldo Quintanar when it knew or reasonably should have known that he was incompetent and/or dangerous;

m)      In failing to adequately train and instruct Defendant Reynaldo Quintanar as a driver of a commercial motor vehicle;

n)      In failing to adequately supervise Defendant Reynaldo Quintanar in the discharge of his duties as an operator of a commercial motor vehicle, including but not limited to, failure to enforce disciplinary policies and procedures;

o)      In failing to implement and/or enforce adequate policies and procedures for the safe operation of commercial motor vehicles;

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

p)      In negligently controlling Defendant Reynaldo Quintanar's operation of the tractor-trailer; and

q)      In failing to exercise control over Defendant Reynaldo Quintanar as a reasonable and prudent employer and trucking company would have done under the same or similar circumstances.

r)      Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant DQ Logistics may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Intervenor-Plaintiff.

**Negligent Entrustment**

10.4    Defendant DQ Logistics is further liable to Intervenor-Plaintiff for entrusting a vehicle to Defendant Reynaldo Quintanar for the purpose of operating it on the public streets and highways of Texas. Defendant Reynaldo Quintanar operated it with the knowledge, consent, and permission of Defendant DQ Logistics. At such time, Defendant Reynaldo Quintanar was incompetent and unfit to safely operate a motor vehicle on the public streets and highways. Defendant DQ Logistics knew, or in the exercise of due care, should have known, that Defendant Reynaldo Quintanar was a reckless, incompetent and unsafe driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

**Negligent Selection, Retention, and/or Supervision**

10.5    Defendant DQ Logistics is subject to liability for harm to persons, such as Intervenor-Plaintiff, for its failure to exercise reasonable care to employ competent and careful employees and/or agents. Defendant DQ Logistics breached its duty to select, retain, and/or supervise such employees and/or agents and were negligent in its selection of employees and/or agents to work for Defendant DQ Logistics. Defendant DQ Logistics's negligence was the sole

proximate cause and/or a proximate cause of Intervenor-Plaintiff's injuries and harm. Defendant

DQ Logistics's negligence includes, but is not limited to:

j)     Failing to select employees and/or agents who could skillfully and carefully perform work, including driving large tractor-trailers;

k)     Failing to select employees and/or agents who could properly perform any duty, which an employer owes to third persons;

l)     Failing to ensure that employees and/or agents were properly trained;

m)     In hiring Defendant Reynaldo Quintanar as a driver and allowing him to drive under its authority when it knew, or reasonably should have known, that he was incompetent and/or dangerous and/or retaining other employees when it knew they were incompetent and/or dangerous;

n)     In failing to adequately supervise Defendant Reynaldo Quintanar in the discharge of his duties as an operator of a commercial motor vehicle including, but not limited to, failure to adequately supervise other of their employees;

o)     In failing to implement and/or enforce adequate policies and procedures for the safe training and/or supervision of their employees and/or the safe operation of commercial motor vehicles;

p)     In failing to implement and/or enforce adequate policies and procedures for the safe maintenance of commercial motor vehicles/trailers; and

q)     Failing to supervise such employees and/or agents.

r)     Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant DQ Logistics Logistics, LLC may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

10.6     Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Intervenor-Plaintiff.

10.7     Defendant DQ Logistics became aware, or should have become aware, of problems and/or conduct that indicated unfitness of such employees and/or agents. Defendant DQ Logistics failed to take further action to investigate, discharge, and/or reassign such employees and/or agents

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

and Intervenor-Plaintiff's damages were caused by Defendant DQ Logistics's negligent hiring, retention, and/or supervision of such employees and/or agents.

10.8    Defendant DQ Logistics had a duty to select employees/agents that performed work with due diligence, in a good manner, using competent and experienced employees/agents in accordance with recognized industry practices, and that would comply with all applicable rules and regulations and standards concerning safety, security, and well-being of persons and property. Defendant DQ Logistics breached this duty in selecting employees/agents that were unfit.

10.9    Defendant DQ Logistics retained employees/agents who were incompetent and failed to conduct work in accordance with industry practices and that would comply with all applicable rules and regulations and standards of Defendant DQ Logistics concerning safety, security, and well-being of persons and/or property.

10.10   Defendant DQ Logistics knew, or should have known, that the employees/agents were incompetent and failed to work in accordance with industry practices, and that they would not comply with all applicable rules and regulations and standards of Defendant DQ Logistics concerning safety, security, and well-being of persons and/or property. Additionally, Defendant DQ Logistics failed to supervise the conduct and/or work being performed by employees/agents who were incompetent and failed to conduct work in accordance with recognized industry practice.

**<u>Negligence Per Se</u>**

10.11   Defendant DQ Logistics has violated Section 390.3 of the Federal Motor Carrier Safety Regulations ("FMCSR") in relation to its lack of knowledge of and compliance with the FMCSR. This section requires to know and comply with the FMCSR and to instruct its drivers regarding the FMCSR. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant DQ Logistics's conduct represents an unexcused violation of these

standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant DQ Logistics's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

10.12   Defendant DQ Logistics has violated Section 390.11 of the FMCSR in relation to its failure to require the observance of and obedience to the FMCSR by its drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant DQ Logistics's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant DQ Logistics's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

10.13   Defendant DQ Logistics has violated Section 391.11, et seq. of the FMCSR in relation to the qualifiIntervenor-Plaintiffions of its drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant DQ Logistics's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant DQ Logistics's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

**<u>Statutory Employer</u>**

10.14   Defendant DQ Logistics is vicariously liable as a matter of law under the FMCSR for the negligence of their statutory employee drivers, including Defendant Reynaldo Quintanar.

10.15   Defendant DQ Logistics as a holder of operating authority, were required to assume

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

complete responsibility and are subject to vicarious liability as a matter of law for Defendant Reynaldo Quintanar's negligence.

10.16   Defendant DQ Logistics as statutory employer of Defendant Reynaldo Quintanar is vicariously liable for Defendant   Reynaldo Quintanar's negligence.

## Joint Venture/Enterprise

10.17   Upon information and belief, at all times material hereto, Defendant DQ Logistics was legally responsible for the negligent conduct of Defendant Reynaldo Quintanar under the legal doctrines of respondeat superior, joint venture/enterprise, agency, and/or apparent agency because he was acting within the course and scope of such agency, employment, venture, and/or enterprise.

10.18   Upon information and belief, as a direct, proximate, and foreseeable result of Defendant DQ Logistics's actions and/or omissions, Intervenor-Plaintiff sustained significant damages, including, but not limited to, past and future medical expenses, past and future pain and suffering, mental anguish, lost income, lost earning capacity, permanent injury, permanent disability, interests, and costs.

## Gross Negligence

10.19   When viewed objectively form the standpoint of the Defendant at the time of the occurrence, Defendant Go-Up's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, the Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes   gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

10.20   Furthermore, DQ Logistics is liable for punitive damages because:

    a)        Defendant DQ Logistics, authorized the doing and manner of a grossly negligent act,

    b)        Defendant DQ Logistics, was reckless in employing unfit agents/employees,

    c)        An agent(s)/employee(s) of Defendant DQ Logistics, was grossly negligent and was employed in a managerial capacity and was acting in the scope of their employment,

    d)        Defendant DQ Logistics, or a manager of Defendant DQ Logistics, ratified or approved a grossly negligent act.

10.21   Whenever it is alleged that the Defendant acted or failed to act, it is alleged it did so by and through its officers, agents, employees, principals, and vice-principals acting within the course and scope of their employment, agency, or other relationship.

10.22   The grossly negligent acts and/or omissions of the Defendant DQ Logistics, was a proximate and/or producing cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

## XI. CAUSES OF ACTION AGAINST DEFENDANT REYNALDO QUINTANAR

### ***Wrongful Death***

11.1   Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

### **Negligence**

11.2   Defendant Reynaldo Quintanar's negligence was the sole proximate cause and/or a proximate cause of the collision described above. Defendant owed a duty to exercise ordinary care and operate his commercial vehicle in a reasonable and prudent manner. Defendant breached that duty and was negligent. Defendant's negligence includes but is not limited to the following:

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

i)      Failure to obey traffic laws;

j)      Driving a vehicle in violation of existing statutes, ordinances, and the FMCSR;

k)      Failure to maintain proper control of the vehicle, including but not limited to failing to properly control the speed of his vehicle;

l)      Failure to keep a proper lookout;

m)     Failure to operate the vehicle in a safe and prudent manner;

n)      Driver inattention; and

o)      In operating a vehicle in a careless manner.

p)      Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant Reynaldo Quintanar may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

**Gross Negligence**

11.3    When viewed objectively from the standpoint of Reynaldo Quintanar at the time of the occurrence, Defendant's conduct described above involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to Section 41.001(11) of the Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

11.4    The grossly negligent acts and/or omissions of Defendant were the sole proximate

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

cause and/or a proximate cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

## XII. Causes Of Action Against John Doe 1

**<u>Wrongful Death</u>**

12. 1  Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

**<u>*Respondeat Superior*</u>**

12.2    Defendant John Doe 1 is vicariously liable for the damages proximately caused to Intervenor-Plaintiff by virtue of the negligent conduct of its partners, employees, servants, principals, vice-principals, and/or agents acting in the course and scope of their employment of authority of their agency with Defendant John Doe 1. Therefore, Defendant John Doe 1 is vicariously liable to Intervenor-Plaintiff for the negligent acts and/or omissions of its employees/agents, on the basis of *Respondeat Superior*.

**<u>Negligence</u>**

12.3    Defendant John Doe 1's negligence was the sole proximate cause and/or a proximate cause of the incident made the basis of this suit. Defendant owed a duty to exercise ordinary care and act as a reasonably prudent trucking company and motor carrier. Defendant breached these duties and was negligent. Defendant's negligence includes but is not limited to negligent acts of that may be uncovered during the discovery and investigation into this incident, including but not limited to the hiring, retention and training of John Doe 2. Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

resulting injuries and damages sustained by Intervenor-Plaintiff.

**Negligent Entrustment**

12.4     Defendant John Doe 1 is further liable to Intervenor-Plaintiff for entrusting a vehicle to Defendant John Doe 2 for the purpose of operating it on the public streets and highways of Texas. Defendant John Doe 2 operated it with the knowledge, consent, and permission of Defendant John Doe 1. At such time, Defendant John Doe 2 was incompetent and unfit to safely operate a motor vehicle on the public streets and highways. Defendant John Doe 1 knew, or in the exercise of due care, should have known, that Defendant John Doe 2 was a reckless, incompetent and unsafe driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

**Negligent Selection, Retention, and/or Supervision**

12.5     Defendant John Doe 1 is subject to liability for harm to persons, such as Intervenor-Plaintiff, for its failure to exercise reasonable care to employ competent and careful employees and/or agents. Defendant John Doe 1 breached its duty to select, retain, and/or supervise such employees and/or agents and were negligent in its selection of employees and/or agents to work for Defendant John Doe 1. Defendant John Doe 1's negligence was the sole proximate cause and/or a proximate cause of Intervenor-Plaintiff's injuries and harm. Defendant John Doe 1's negligence includes, but is not limited to:

s)     Failing to select employees and/or agents who could skillfully and carefully perform work, including driving large tractor-trailers;

t)     Failing to select employees and/or agents who could properly perform any duty, which an employer owes to third persons;

u)     Failing to ensure that employees and/or agents were properly trained;

v)     In hiring Defendant John Doe 2 as a driver and allowing him to drive under its authority when it knew, or reasonably should have known, that he was incompetent

and/or dangerous and/or retaining other employees when it knew they were incompetent and/or dangerous;

w)   In failing to adequately supervise Defendant John Doe 2 in the discharge of his duties as an operator of a commercial motor vehicle including, but not limited to, failure to adequately supervise other of their employees;

x)   In failing to implement and/or enforce adequate policies and procedures for the safe training and/or supervision of their employees and/or the safe operation of commercial motor vehicles;

y)   In failing to implement and/or enforce adequate policies and procedures for the safe maintenance of commercial motor vehicles/trailers; and

z)   Failing to supervise such employees and/or agents.

aa)   Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant John Doe 1 may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

12.6   Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Intervenor-Plaintiff.

12.7   Defendant John Doe 1 became aware, or should have become aware, of problems and/or conduct that indicated unfitness of such employees and/or agents. Defendant John Doe 1 failed to take further action to investigate, discharge, and/or reassign such employees and/or agents and Intervenor-Plaintiff's damages were caused by Defendant John Doe 1's negligent hiring, retention, and/or supervision of such employees and/or agents.

12.8   Defendant John Doe 1 had a duty to select employees/agents that performed work with due diligence, in a good manner, using competent and experienced employees/agents in accordance with recognized industry practices, and that would comply with all applicable rules and regulations and standards concerning safety, security, and well-being of persons and property. Defendant John Doe 1 breached this duty in selecting employees/agents that were unfit.

12.9    Defendant John Doe 1 retained employees/agents who were incompetent and failed to conduct work in accordance with industry practices and that would comply with all applicable rules and regulations and standards of Defendant John Doe 1 concerning safety, security, and well-being of persons and/or property.

12.10   Defendant John Doe 1 knew, or should have known, that the employees/agents were incompetent and failed to work in accordance with industry practices, and that they would not comply with all applicable rules and regulations and standards of Defendant John Doe 1 concerning safety, security, and well-being of persons and/or property. Additionally, Defendant John Doe 1 failed to supervise the conduct and/or work being performed by employees/agents who were incompetent and failed to conduct work in accordance with recognized industry practice.

**Negligence Per Se**

12.11   Defendant John Doe 1 has violated Section 390.3 of the Federal Motor Carrier Safety Regulations ("FMCSR") in relation to its lack of knowledge of and compliance with the FMCSR. This section requires to know and comply with the FMCSR and to instruct its drivers regarding the FMCSR. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant John Doe 1's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant John Doe 1's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

12.12   Defendant John Doe 1 has violated Section 390.11 of the FMCSR in relation to its failure to require the observance of and obedience to the FMCSR by its drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant

---

John Doe 1's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant John Doe 2's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

12.13   Defendant John Doe 1 has violated Section 391.11, et seq. of the FMCSR in relation to the qualifications of its drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendant John Doe 1's conduct represents an unexcused violation of these standards. Intervenor-Plaintiff belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type these statutes/rules/regulations seek to prevent. Defendant John Doe 1's violations of these statutes was a proximate cause of Intervenor-Plaintiff's injuries and/or damages.

**Statutory Employer**

12.14   Defendant John Doe 1 is vicariously liable as a matter of law under the FMCSR for the negligence of their statutory employee drivers, including Defendant John Doe 1.

12.15   Defendant John Doe 1 as a holder of operating authority, were required to assume complete responsibility and are subject to vicarious liability as a matter of law for Defendant John Doe 1's negligence.

12.16   Defendant John Doe 1 as statutory employer of Defendant John Doe 1 is vicariously liable for Defendant   John Doe 2's negligence.

**Joint Venture/Enterprise**

12.17   Upon information and belief, at all times material hereto, Defendant John Doe 1 was legally responsible for the negligent conduct of Defendant John Doe 2 under the legal doctrines of

respondeat superior, joint venture/enterprise, agency, and/or apparent agency because he was acting within the course and scope of such agency, employment, venture, and/or enterprise.

12.18   Upon information and belief, as a direct, proximate, and foreseeable result of Defendant John Doe 1's actions and/or omissions, Intervenor-Plaintiff sustained significant damages, including, but not limited to, past and future medical expenses, past and future pain and suffering, mental anguish, lost income, lost earning capacity, permanent injury, permanent disability, interests, and costs.

**Gross Negligence**

12.19   When viewed objectively form the standpoint of the Defendant at the time of the occurrence, Defendant Go-Up's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, the Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes   gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

12.20   Furthermore, John Doe 1 is liable for punitive damages because:

    a)      Defendant John Doe 1, authorized the doing and manner of a grossly negligent act,

    b)      Defendant John Doe 1, was reckless in employing unfit agents/employees,

    c)      An agent(s)/employee(s) of Defendant John Doe 1, was grossly negligent and was employed in a managerial capacity and was acting in the scope of their employment,

    d)      Defendant John Doe 1, or a manager of Defendant John Doe 1, ratified or approved a grossly negligent act.

12.21   Whenever it is alleged that the Defendant acted or failed to act, it is alleged it did so

by and through its officers, agents, employees, principals, and vice-principals acting within the course and scope of their employment, agency, or other relationship.

12.22   The grossly negligent acts and/or omissions of the Defendant John Doe 1, was a proximate and/or producing cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

### XIII. CAUSES OF ACTION AGAINST DEFENDANT JOHN DOE 2

#### ***Wrongful Death***

13.1   Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

#### **Negligence**

13.2   Defendant John Doe 2's negligence was the sole proximate cause and/or a proximate cause of the collision described above. Defendant owed a duty to exercise ordinary care and operate his commercial vehicle in a reasonable and prudent manner. Defendant breached that duty and was negligent. Defendant's negligence includes but is not limited to the following:

q)   Failure to obey traffic laws;

r)   Driving a vehicle in violation of existing statutes, ordinances, and the FMCSR;

s)   Failure to maintain proper control of the vehicle, including but not limited to failing to properly control the speed of his vehicle;

t)   Failure to keep a proper lookout;

u)   Failure to operate the vehicle in a safe and prudent manner;

v)      Driver inattention; and

w)      In operating a vehicle in a careless manner.

x)      Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant John Doe 2 may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

**Gross Negligence**

13.3    When viewed objectively from the standpoint of John Doe 2 at the time of the occurrence, Defendant's conduct described above involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to Section 41.001(11) of the Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

13.4    The grossly negligent acts and/or omissions of Defendant were the sole proximate cause and/or a proximate cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

### XIV. CAUSES OF ACTION AGAINST SANDRA STERBA-BOATWRIGHT AS EXECUTRIX OF THE ESTATE OF ADRIANA POP-MOODY

**Wrongful Death**

14.1   Intervenor-Plaintiff brings this cause of action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code for the wrongful death of Rachel Ambler. Intervenor-Plaintiff is authorized to bring this wrongful death claim against Defendants pursuant to §71.004 of the Texas

Civil Practice and Remedies Code because each of them is a statutory beneficiary of Rachel Ambler.

**Negligence**

14.2    Decedent Adriana Pop-Moody's negligence was the sole proximate cause and/or a proximate cause of the collision described above. Defendant owed a duty to exercise ordinary care and operate his commercial vehicle in a reasonable and prudent manner. Defendant breached that duty and was negligent. Defendant's negligence includes but is not limited to the following:

a)   Failure to obey traffic laws;

b)    Failure to maintain proper control of the vehicle, including but not limited to failing to properly control the speed of his vehicle;

c)    Failure to keep a proper lookout;

d)    Failure to operate the vehicle in a safe and prudent manner;

e)    Driver inattention; and

f)    Stopping and/or slowing her vehicle in an unsafe manner.

g)    Furthermore, although not now known, it is anticipated that additional negligent acts of Defendant Reynaldo Pop-Moody may have caused or contributed to this incident and such acts may be uncovered during the discovery and investigation into this incident.

**Gross Negligence**

14.3    When viewed objectively from the standpoint of Defendant Pop-Moody at the time of the occurrence, Defendant's conduct described above involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that

term is defined pursuant to Section 41.001(11) of the Texas Civil Practice and Remedies Code. Therefore, Intervenor-Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

14.4    The grossly negligent acts and/or omissions of Defendant were the sole proximate cause and/or a proximate cause of the occurrence in question and Intervenor-Plaintiff's resultant injuries and damages.

## XV. DAMAGES

**Damages for Wrongful Death**

15.1    As a producing and proximate result of the conduct of the Defendants, as described above, Intervenor-Plaintiffs, sustained a loss of the positive benefits flowing from the love, comfort, companionship, and society that they would, in all reasonable probability, have received had Rachel Ambler lived. As a result of the death of Rachel Ambler, Intervenor-Plaintiffs have suffered damages in the past and will suffer damages in the future, including but not limited to, pecuniary loss, loss of companionship and society, mental anguish, loss of consortium, grief, bereavement, loss of services, care and counsel, and medical and funeral expenses, and any and all damages to which they are justly entitled and for which damages are sought under the Texas Wrongful Death Act, codified in Chapter 71 of the Texas Civil Practice & Remedies Code. Furthermore, Intervenor-Plaintiffs seek exemplary and/or punitive damages in an amount to be determined by the trier of fact.

## XVI. JURY DEMAND

16.1    Intervenor-Plaintiff hereby demands a trial by jury and has tendered payment of the jury fee.

## XVII. RULE 193.7 NOTICE

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

17.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Intervenor-Plaintiff hereby gives actual notice to Defendants that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## XVIII. PRAYER

18.1     WHEREFORE, premises considered, Intervenor-Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial by jury, Intervenor-Plaintiff recover against Defendants:

a)  Compensatory and exemplary damages as set forth above;

b)  Pre-judgment and post-judgment interest;

c)  Costs of court; and

d)  Such other, further, and different relief to which Intervenor-Plaintiff may show himself justly entitled.

Respectfully submitted,

**FADDUOL, CLUFF, HARDY & CONAWAY, P.C.**

*/s/ Richard Hardy*
Richard Hardy
State Bar No.: 24012785
1115 Broadway
Lubbock, Texas 79401
Telephone: (806) 763-9377
Facsimile: (806) 763-9378
evasquez@fchclaw.com
rhardy@fchclaw.com

**ATTORNEYS FOR INTERVENOR-PLAINTIFF**

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify by my signature above that a true and correct copy of the foregoing instrument has this date been sent to all attorneys of record in the above-styled and numbered matter, said service being affected in the following manner:

    Certified Mail/Return Receipt Requested    _____

    Hand Delivery    _____

    Facsimile    _____

    Electronic Mail    _____

    Electronic Filing/Service    \_\_X\_\_

    DATED: <u>September 8, 2022</u>

---

**INTERVENOR-PLAINTIFFS' FIRST AMENDED TRO APPLICATION & ORIGINAL PETITION**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emma Vasquez on behalf of Richard Hardy
Bar No. 24012785
evasquez@fchclaw.com
Envelope ID: 68067451
Status as of 9/8/2022 3:54 PM CST

Associated Case Party: Ara Babos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Hobart Hada | 8671050 | jhada@shhlaw.com | 9/8/2022 2:32:54 PM | SENT |
| Annette Huerta | | ahuerta@shhlaw.com | 9/8/2022 2:32:54 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emma Vasquez on behalf of Richard Hardy
Bar No. 24012785
evasquez@fchclaw.com
Envelope ID: 68067451
Status as of 9/8/2022 3:54 PM CST
Associated Case Party: Christine Ambler

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Emma Vasquez | | evasquez@fchclaw.com | 9/8/2022 2:32:54 PM | SENT |
| Richard LamarHardy | | rhardy@fchclaw.com | 9/8/2022 2:32:54 PM | SENT |
| Matthew Heape | | mheape@fchclaw.com | 9/8/2022 2:32:54 PM | SENT |
| Kim Ewalt | | kewalt@fchclaw.com | 9/8/2022 2:32:54 PM | SENT |