UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARA BABOS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00213 |
| § | |
| J. LOPEZ TRUCKING, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTIONS TO REMAND

This action arises from multiple related freeway traffic collisions during a dust storm on August 10, 2022. There are at least three passenger vehicles and at least three commercial vehicles involved. Two individuals, Adriana M. Pop Moody and Christine Ambler, were killed and Ara Babos was seriously injured. Before the Court are three motions filed by the different groups of Plaintiffs and Plaintiff-Intervenors, seeking remand to the state court from which this action was removed. D.E. 18, 19, 20. Also before the Court is Intervenor-Plaintiff's Motion for Leave to File First Amended Complaint. D.E. 38. For the reasons set out below, the Court **GRANTS** the motion to amend (D.E. 38) and **GRANTS** the motions to remand (D.E. 18, 19, 20).

### FACTS AND PROCEDURAL HISTORY

**First Injunction Action**. On August 30, 2022, Plaintiff Ara Babos Individually and as the Sole Wrongful Death Beneficiary of The Estate of Adriana M. Pop Moody, Deceased (collectively Babos) filed this action in the County Court at Law No. 3, Nueces

1 / 8

County, Texas against temporary restraining order (TRO) Respondents, the owners, and/or insurers of the commercial vehicles.[1]  D.E. 1-2.  Babos sought and obtained only a temporary restraining order to preserve evidence, which was issued the same day.  D.E. 1-2, 1-3.

**Second Injunction Action**.  On September 2, 2022, Intervenors Christine Ambler, Peter Ambler (collectively Ambler), and Frank Hunold, Individually and on behalf of The Estate of Rachel Ambler, Deceased (collectively Hunold) filed their intervention in Babos's case against the same TRO Respondents, seeking the same injunctive relief.  D.E. 1-4.  The state court issued a corresponding temporary restraining order on September 6, 2022.  D.E. 1-5.

**The Damages Action**.  On September 8, 2022, Hunold filed an amended application for injunctive relief, along with an original petition, which added Defendants to the case[2] and designated certain TRO Respondents as Defendants on the merits.  He makes claims for:  wrongful death; negligence; negligent entrustment; negligent selection, retention and/or supervision; negligence per se; and gross negligence.  He seeks damages in an amount exceeding $1 million.  D.E. 1-6.  Among the parties Hunold sued as Defendants is The Estate of Adriana M. Pop Moody (Pop-Moody), which is a nondiverse Defendant.

---

[1] West Central Towing & Recovery, LLC, Back On Your Feet Recovery LLC, Qualitas Insurance Company, Qualitas Insurance Services, Inc., DQ Logistics, DQ Freight Logistics, Inc., Transworld Insurance Brokerage, Inc., J. Lopez Trucking LLC, Go Up Logistics, United Financial Casualty Company a/k/a Progressive Insurance and GICA Logistics LLC.
[2] Jose Emmanuel Lopez Zavala, Juan Leyva Hernandez, Reynaldo Quintanar, Jorge Luis McGrew-Chavez, John Does 1-2 and Sandra Sterba-Boatwright as Executrix of the Estate of Adriana Pop-Moody.

**Removal**.  On September 12, 2022, Defendants J. Lopez Trucking, LLC and DQ Logistics (Removing Defendants) removed the case to this Court, citing diversity jurisdiction and arguing that Pop-Moody was improperly joined.  D.E. 1.  Now before the Court are motions to remand filed by Babos, Hunold, and Ambler on October 12, 2022.  D.E. 18, 19, 20.  Defendants have responded (D.E. 31, 32) and movants have replied (D.E. 37, 39, 40).

**Termination of Injunctive Relief**.  In the meantime, on joint motion, this Court dissolved the state court injunction as of November 29, 2022, because the parties have completed their respective inspections of the vehicles originally at issue.  D.E. 44, 45.  It is unclear whether the complaints seeking only injunctive relief should be dismissed or if the parties intend to amend to assert additional claims.

### A. Standards of Review

#### 1. Remand

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id*.  The strict construction rule arises because of "significant federalism concerns."  *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.

2004) (en banc). The removing party proves improper[3] joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The existence of a viable claim is determined according to federal pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under federal standards, the pleadings must allege sufficient facts to demonstrate that the claim alleged is plausible rather than speculative. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## 2. Amendment of Pleading

Ordinarily, "[a] district court possesses broad discretion in its decision whether to permit amended complaints." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013). Removal and remand are ordinarily decided on the pleadings as they existed at the

---

[3] Babos complains of the Removing Defendants' use of the term "improper joinder" as opposed to "fraudulent joinder." The Fifth Circuit has held that "improper joinder" is a better term to describe situations in which a party's citizenship should not be considered in a diversity jurisdiction analysis. *See Smallwood*, 385 F.3d at 571 n.1 ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.").

time of removal and amendment is not permitted to defeat federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).  However, in the context of a claim of improper joinder for removal purposes, amendment of pleadings may be considered so that a claim is not improvidently dismissed with prejudice.  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  Particularly where the claim has been stated, but the factual pleadings are challenged as insufficient, amendment is proper to detail the claim that the plaintiff already asserted or attempted to assert.  *Bell v. Terminix Int'l Co. Ltd. P'ship*, No. 16-00012 ACK-KSC, 2016 WL 3166318, at *4–7 (D. Haw. June 6, 2016) (collecting cases with detailed analysis).

### B. Analysis

While the motions challenge removal from different perspectives, they each adopt the others' arguments and will be addressed jointly.  Diversity jurisdiction attaches if two requirements are met:  (1) the dispute is between citizens of different states; and (2) a sufficient amount of money or value is in controversy.  28 U.S.C. § 1332(a).  Both have been challenged.

#### 1. Improper Joinder of Pop-Moody

Removing Defendants argue that Hunold cannot establish any claim against Pop-Moody and that she is improperly joined because the factual allegations against her are insufficient to show that she had done anything more than safely stop her vehicle in response to a blocked roadway.  They also challenge Hunold's right, as an Intervenor-Plaintiff, to assert a cross-claim against Pop-Moody, a fellow Plaintiff.  D.E. 1.

**Intervention**.  Under Texas law, [4] "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60; *Brook v. Brook*, 865 S.W.2d 166, 172 (Tex. App.—Corpus Christi 1993), *aff'd,* 881 S.W.2d 297 (Tex. 1994).  Hunold filed such a pleading and no party has sought an order to strike it.  D.E. 1-5, 1-6.  The Texas Rules of Civil Procedure then apply to Plaintiff-Intervenors in the same manner they apply to plaintiffs.  Tex. R. Civ. P. 61.  Consequently, Plaintiff-Intervenors may file cross-claims against Plaintiffs.  Tex. R. Civ. P. 47; *In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014) (interpreting the wrongful death statute to permit any plaintiff to make cross-claims against other plaintiffs).

While Removing Defendants cited *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) for their argument, that case addresses the existence of a justiciable interest to defend the intervention against a motion to strike and the trial court's severance of the claim.  That procedural issue is not before this Court.  Moreover, Removing Defendants have not defended against the remand motions with this argument and it is waived.  D.E. 31, 32.

**Sufficiency of Pleading**.  Removing Defendants contend that Hunold's pleadings against Pop-Moody are factually insufficient to support a claim under federal pleading requirements.  Hunold has filed a motion for leave to amend, which the Court **GRANTS**

---

[4] Ordinarily, a federal court sitting in diversity jurisdiction allows state substantive law to determine a party's standing and applies federal procedural law to determine the right of a party to intervene in the case. *Griffin v. Lee*, 621 F.3d 380, 389 (5th Cir. 2010).  However, when evaluating removal, the court determines which parties are effectively in the case pursuant to state law at the time of removal. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693 (5th Cir. 1995).  If intervention has already been accomplished under state procedural law, the intervenor is a party with all the rights afforded a party to redress of its grievances. *Bank One, Tex., Nat. Ass'n v. Elms*, 764 F. Supp. 85, 87–88 (N.D. Tex. 1991).  Here, Hunold was effectively a party prior to removal.

pursuant to the standard of review set out above.  Therefore, to evaluate this argument, the Court reviews the factual pleadings of the First Amended Complaint (D.E. 38-1).  Hunold has pled that Pop-Moody collided with the first in the series of involved commercial vehicles and for that reason was stopped in the roadway obstructing travel.  As a result, the Ambler Decedent's vehicle also had to come to a stop on the roadway, where it was vulnerable and hit by another commercial vehicle.

These allegations are plausible and are thus sufficient to state a claim for the negligence-related causes of action pled as well as a causal relationship between Pop-Moody's conduct and the Ambler vehicle's damages.  The Court does not inquire beyond plausibility at the pleading stage of the case.  And Removing Defendants' burden to show that there is no possibility of recovery against Pop-Moody is a high one.

The Court **HOLDS** that Hunold has stated a factually sufficient claim against Pop-Moody to support the action against this nondiverse Defendant.  This defeats the diversity of citizenship prong of the jurisdictional question.  While Ambler and Babos have not stated a similar claim, they are parties to the same action and have sought severance only for the purpose of supporting the remand of their claims on the basis of the amount in controversy.  Therefore, the requests for severance are moot and all claims are subject to remand for this lack of diversity.

### 2.  Amount in Controversy

Diversity jurisdiction requires that both diversity of citizenship and a sufficient amount in controversy exist to support federal jurisdiction. Because Removing Defendants

have failed to demonstrate complete diversity of citizenship, the Court need not and does not address the arguments regarding the amount in controversy.

## CONCLUSION

For the reasons set out above, the Court **GRANTS** the motions to remand (D.E. 18, 19, and 20) and **REMANDS** this action to County Court at Law No. 3, Nueces County, Texas, the court from which it was removed.

ORDERED on December 27, 2022.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE